Fe Tolentino **PEREZ DE TAGLE**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–71973.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Russell L. Marshak, Esq., Thomas H. Chung, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Fe Tolentino Perez de Tagle, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the inconsistencies in petitioner's testimony relate to the nature and extent of the conduct that she claims amounted to persecution, and went to the heart of her asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Substantial evidence also supports the IJ's determination that the event or events petitioner described did not amount to past persecution, nor did they establish a well-founded fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (denying asylum relief despite minor abuse during single, brief detention and interrogation, and in the absence of evidence of any continuing interest in petitioner by alleged persecutors).

Because petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000).

Finally, petitioner's contention concerning the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect

All pending motions are denied.

**PETITION FOR REVIEW DENIED.**